Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5862 | **DATE** | 6/21/2004 |
| **CASE TITLE** | Gizaw vs. IL Dept of Public Aid | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reason stated in the attached memorandum opinion, defendant's motion to approve bill of costs is granted. Defendants' bill of costs is granted in its entirety. Enter Memorandum Opinion.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 23 2004 | 45 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYNIE GIZAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 5862 |
| | ) | |
| ILLINOIS DEPARTMENT OF PUBLIC | ) | |
| AID, CHUCK KIRIAN, in his individual | ) | |
| capacity, ROBERT CARBINE, in his | ) | |
| individual capacity, SHARON | ) | |
| MARKETTE-MALONE, in her | ) | |
| individual capacity, and SHARON | ) | |
| JONES, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
JUN 2 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to approve their bill of costs and on Plaintiff Aynie Gizaw's ("Gizaw") objections to Defendants' bill of costs. For the reasons stated below we approve Defendants' bill of costs in its entirety.

## BACKGROUND

On May 20, 2004, we granted Defendants' motion for summary judgment.

1

Defendants subsequently filed a motion to approve their bill of costs seeking $1,541.60 for photocopying costs and $4,219.56 for transcript costs. Gizaw objects to portions of the bill of costs. According to Gizaw, Defendant did not specify whether certain transcripts were originals or copies, which Gizaw contends is necessary for the court to determine if the transcript costs were reasonable.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 54 provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920 a court can tax as costs: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title;(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . ." 28 U.S.C. § 1920. Pursuant to Local Rule 54.1 transcript costs should not exceed the rates set forth by the Judicial Conference of the United States. In awarding costs to a prevailing party a court

2

should determine: " (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7[h] Cir. 2000). In making such determinations the court should keep in "mind that there is a heavy presumption in favor of awarding costs to the prevailing party." *Id.*

## DISCUSSION

I. Photocopying Costs

Gizaw does not contest Defendants' recovery of photocopying costs. To recover photocopying costs, a transcript need not be "absolutely indispensable." *Majeske*, 218 F.3d at 825(quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). A party may be awarded copying costs only for "necessary copies of necessary documents" such as "[c]opying documents for production in discovery. . . ." *Ochana v. Flores*, 206 F.Supp.2d 941, 946 (N.D.Ill. 2002). In regards to documents filed with the court, a party can recover expenses for the copies provided to the court and for one copy provided to opposing counsel. *Id.* Copies made by a party merely for the party's "convenience of counsel" are not recoverable. *Id.*

However, the burden is on the party seeking recovery to prove the photocopied items were necessary. *Ochana v. Flores*, 206 F. Supp. 2d 941, 946 (N.D. Ill. 2002). Defendants met this burden by providing a detailed explanation of

the necessity of its photocopying expenses related to Defendants' discovery document production, summary judgment motion, and motions to strike. Defendants also appropriately taxed three copies of these pleadings: two for the court and one copy for opposing counsel. We find all of these documents reasonably necessary, and therefore grant Defendants' request for $1,541.60 in photocopying costs.

## II. Transcript Costs

Gizaw contests Defendants' recovery of costs for certain deposition transcripts. Gizaw contends that the requested costs for the deposition transcripts of Robert Carbine, Sharon Markette-Malone, Eric Landers, and Dollye Smith were ambiguous because they were not identified as the original transcript or the first copy. Citing *Shah v. Village of Hoffman Estates*, Gizaw claims that since Defendants failed to clarify the reasonableness of the requested charges, those charges should be denied. 2003 WL 21961362, at *1 (N.D. Ill. 2003). However, in *Shah*, the court denied the costs of deposition transcripts because the party seeking costs failed to identify the number of pages per each requested transcript. *Id*. Such an error made it impossible for the court to determine whether the rates were reasonable and within the accepted rate established by the Judicial Conference. *Id*. However, in the instant case, Defendants have provided a detailed description of the number of pages, per page cost, and reason for the necessity of the transcript.

In the instant case, Gizaw contends that the ambiguity in Defendants' bill of

4

costs is caused by Defendants' failure to provide an explanation of whether the transcripts were originals or copies. The Judicial Conference has established rates for deposition transcripts at $3.30 per page for an original transcript, $0.83 per page for the first copy, and $0.55 per page for each additional copy provided to the same party. *Shaffer v. Combined Ins. Co. of Am.*, 2004 WL 542516, at *1 (N.D. Ill. 2004). Even if Gizaw's contention had merit, we would not deny the cost in full but rather reduce it to the accepted rate of $0.83 per page for the first copy of the transcript. However, Defendants have clarified the ambiguity from the transcript invoices in their reply to Gizaw's objections to Defendants' bill of costs. In Defendants' reply Defendants explain that, although it might not have been clear on the invoice, the requests were all for original transcripts. Defendants' explanation sufficiently shows that the transcripts in controversy are original transcripts, and thus were appropriately taxed within the acceptable rate of $3.20 each. Gizaw also argues that the transcript documents for the deposition of Sherill Delerme was identified in Defendants' documentation as a copy and thus should be reduced to the rate the Judicial Conference established for a first copy, $0.83. However, Defendants explain in its reply that the deposition transcript for Sherill Delerme was also an original transcript. Consistent with the reasoning provided above, Defendants have adequately proven that the above-referenced transcript was an original. Hence, the $2.80 rate requested for this deposition transcript is acceptable. Therefore, we grant Defendants' request for $4,219.56 for deposition transcripts.

## CONCLUSION

Based on the foregoing analysis we approve Defendants' bill of costs in its entirety and deny Gizaw's objections to the bill of costs  Defendant's bill of costs is granted in whole in the amount of $5,761.16.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:  June 21, 2004